**TUCKER v. DOUGHERTY ROOFING CO., Inc.**

**No. 12827.**

Court of Civil Appeals of Texas. Dallas.

Feb. 10, 1940.

Rehearing Denied March 9, 1940.

J. P. Miller, of Dallas, for plaintiff in error.

Leake, Henry & Young and Hawkins Golden, all of Dallas, for defendant in error.

LOONEY, Justice.

The Dougherty Roofing Company, Inc., sued Mrs. Bennie Ray Tucker, as testamentary trustee of an estate created by the will of W. H. Tucker, deceased, in favor of his granddaughter, Doris R. Tucker, a minor. The estate includes, among other properties, a thirteen and fraction-acre tract of land in the City of Dallas, known as White Rock Tourist Camp, consisting of twenty-two cabins, bath house, etc. As these structures needed re-roofing, the parties entered into a written contract whereby the company agreed to furnish all labor and material necessary, and re-roof the structures, for the sum of $475, the contract

providing for the payment of 15 per cent. attorney's fees in the event of suit; concluding with the following, "Terms of payment: cash on completion, subject to approval of loan being negotiated at present time".

The company completed the work of re-roofing the structures about May 16, 1937, but, having failed to obtain the loan contemplated, the trustee was unable to pay cash when the work was finished, whereupon, the company fixed a lien upon the premises, as provided in Art. 5453, R.C.S., Vernon's Ann.Civ.St. art. 5453, and the trustee having failed to pay as agreed, on October 4, 1937, the company instituted this suit, alleging the essential facts, sought judgment for the amount agreed upon, plus attorney's fees, also sought foreclosure of its statutory lien on the premises.

The trustee answered by general and special exceptions, general denial, and pleading specially, alleged, in substance, that the contract never became effective in that its effectiveness was dependent upon a condition precedent that did not happen; that is, upon the ability of the trustee to obtain a loan upon the property, the contention being that this was a condition precedent to the accrual of any rights under the contract; also contended that, the encumbrance of the property was beyond the power and authority of the trustee, therefore, the company was not entitled to recover.

The case was submitted to a jury and their findings, and the facts otherwise appearing in the record, show conclusively that the company fulfilled its contract, that the trustee, having failed to obtain the contemplated loan, was unable to pay cash when the work was completed, and, later, having failed and refused to pay any part of the contract price, the company fixed a statutory lien on the premises, as provided in Art. 5453, R.C.S. The court rendered judgment in favor of the company for the amount of the contract price, plus 15 per cent. attorney's fees, but refused to foreclose its statutory lien. The trustee appealed by writ of error and presents for consideration the questions raised in her pleadings, heretofore stated. The company cross-assigned error on the failure of the court to foreclose its statutory lien.

■ The first question raised by the trustee is that the court erred in overruling her general demurrer to the company's petition. The record fails to disclose any action by the court on the general demurrer; however, the contention is overruled, because, we think, the petition stated a good cause of action as against a general demurrer.

■ The contention that the contract never became effective, in that the loan was never obtained, the consummation of which is claimed as a condition precedent, is also overruled. We do not think the provision of the contract, upon which reliance is had for this assignment, was a condition precedent at all, but merely the statement of "Terms of payment"; in other words, if the loan, being negotiated, was consummated, cash would be paid for the work on its completion. But, as the contract contained no other stipulation in regard to the time of payment, the law implied an obligation, on the part of the trustee, to pay within a reasonable time, and, having failed to comply with that obligation, we think the suit was authorized at the time of its institution. In Boesen v. County of Potter, 173 S.W. 462, the Amarillo Court of Civil Appeals held (citing authorities) that, where a contract states no time for performance and fixes no time for payment, and the happening of the event which is to mature its obligation as to payment depends entirely upon the defendant, the law implies an obligation upon him to pay within a reasonable time.

■ In this connection, it appears that the court submitted to the jury the following issue (No. 3), "Do you find from a preponderance of the evidence that the agreement, if any you have found in answer to special issue No. 2, was contingent upon Mrs. Bennie Ray Tucker's procuring a loan on the premises involved?"; to which the jury answered "Yes". We do not think that issue should have been submitted, because it left to the jury the construction of a written instrument, which, being a question of law, was for the court. Besides, obviously, the answer of the jury is incorrect, in that the provision in question was neither intended, nor does it state a condition precedent, but is just what it purports to be, that is, "Terms of payment". However, the error in submitting the issue became immaterial, as the court ignored the answer of the jury in rendering judgment for the company.

■ The contention that it was beyond the authority and power of the trustee to contract indebtedness as an encumbrance

upon the property, in our opinion, is also untenable. The will of W. H. Tucker provides, among other things, that, until his granddaughter attains the age of twenty-five, the trustee shall have possession of the properties, with full power and authority to control, rent, and manage same for the benefit of the devisee; also provides that the tourist camp property " * * * shall not be sold, but shall be held in trust and delivered over to my said granddaughter when she shall have arrived at the age of twenty-five years." As the cabins and structures needed new roofs, we think the trustee not only authorized, but that she would have been remiss in duty had she failed to have them repaired.

The doctrine is announced in 65 C.J. 694, 695, that: "Coupled with the Trustee's right to possession is the duty on his part to do not merely what he conceives to be his duty, but to exercise good faith and such care, prudence, and diligence as an ordinary man would exercise in the management of his own affairs, to protect such possession, and to preserve the property generally for the benefit of all the cestuis que trustent, and to this end must take such action regarding the trust property as will be most conducive to its welfare, such as to see that it is profitably employed, and take every reasonable and possible means of reducing any loss or decrease in value." Also, at page 712, it is said: "The trustee, however, has the power, as well as the duty, to make expenditures or incur indebtedness for whatever repairs and changes are reasonably necessary to the preservation of the property for the purposes for which it was placed in trust." And, at page 715, it is announced that extraordinary repairs or permanent improvements for the preservation of the property may be paid out of corpus. In the case of McMullen v. Sims, 37 S.W.2d 141, the Commission of Appeals said, "Testamentary trustee held, as matter of law, to have violated trust by failing to keep estate revenue producing."

So we conclude that the trustee was fully authorized to have the repair work done in order to properly discharge her duties as trustee, and that the right of the company to payment and foreclosure of its statutory lien is undoubted. Therefore, the judgment of the trial court is reformed by granting foreclosure of the lien upon the premises as prayed, and, as reformed, is affirmed.