**HOME SAVINGS ASSOCIATION,
Appellant,
v.
The TAPPAN COMPANY, Appellee.
No. 25706.**

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1968.
Rehearing Denied Jan. 6, 1969.

---

Ken Griffin, Odessa, Tex., for appellant.

Charles E. Galey, Brock, Wright, Waters & Galey, Lubbock, Tex., John P. Dennison, Pecos, Tex., for appellee.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

ROBERTS, District Judge:

Lawrence Black Homes, Inc., a contractor from Odessa, Texas, wanted to build an apartment building in Pecos, Texas. Black applied to appellant on March 14, 1966, for financing commitments on the proposed construction. A commitment letter was issued to Black on April 15, 1966, granting a loan for $305,000. at 6½ per cent interest for twenty (20) years. Another commitment letter was issued on the same day from appellant to Black, granting an interim financing loan on advances made as to the date of the final loan closing. On April 18, 1966, pursuant to the commitment letter, Black executed and delivered a note for $305,000. to appellant and a deed of trust securing the note by a lien on the land on which the apartment house was to be constructed.

Also on April 18, 1966, appellee entered into a contract with Black to furnish appliances for the apartments, for which appellee was to be paid $19,456.70. This contract was signed and witnessed by an officer of appellant. The contract provided in part:

> "Terms of payment: Close of loan—not later than September 1, 1966.

> Special conditions: Letter from Home Savings and Loan to pay Tappan on close."

On the same date appellant wrote the following letter to appellee.

> "Home Savings Association hereby agrees to withhold from loan proceeds and pay to the Tappan Company $19,-456.70 for equipment as enumerates on the builder's sale contract # 4128, signed by Lawrence Black Homes, Inc. and R. A. Batson, District Manager for the Tappan Company, issued April 18, 1966.

> The funds will be disbursed upon completion and acceptance of the improvements by Home Savings Association and closing of the permanent loan."

Appellee performed its part of the contract by furnishing the appliances, and it submitted invoices to appellant for payment. In that regard, the following letter was written appellee by appellant on August 18, 1966:

> "Thank you for the invoices submitted to be paid from the proceeds of the captioned loan.

> We will forward our check upon closing of this loan in accordance with the terms of your contract with Mr. Black and our letter of commitment to you.

We have just made another inspection of the property and the progress is very good, so the loan should be closing in the near future.

If we may be of further service to you please let us know."

On September 1, 1966, there was $69,686.90 in Black's account held by appellant from which disbursements could have been made. However, appellee was never paid for the appliances and on December 15, 1966, filed suit against Black and appellant.

Black was unable to close the permanent loan because of financial problems. On June 6, 1967, appellant foreclosed its deed of trust, and a trustee's deed to the property was executed by the president of appellant conveying the property to appellant. The purchase price recited was $275,000.00. On June 28, 1967, appellant sold the apartment house to a George Johnson, the consideration being $20,000.00 cash and a note for $305,000.00 bearing 6¾ per cent interest. Appellee then joined Johnson as a defendant.

In his suit below, appellee sought to establish a constitutional lien on the land and buildings superior to the deed of trust of appellant. Appellee also sued appellant for breach of contract and on a quantum meruit-unjust enrichment theory. Appellant denied any contractual obligation and claims a superior lien. Appellee contended appellant was estopped from denying contractual liability.

Both appellant and appellee move for summary judgment. The trial court granted appellee's motion.

Resolution of this appeal depends on the construction of the words in the letter of August 18, 1966: "We will forward our check upon closing of this loan. * * *" If the words mean that the closing of the loan was a condition precedent to payment, then the appellant must prevail. If, on the other hand, the words mean merely that the date set for payment will be the date of the closing of the loan, then the appellee must prevail.

We feel that Texas law supports the latter construction. As recently as Sirtex Oil Industries, Inc. v. Erigan, 403 S.W.2d 784 (1966) the Texas Supreme Court said: "Because of their harshness in operation, conditions are not favorites of the law." The Texas law is that where a clause is ambiguous, construction as a condition precedent should be avoided. This proposition seems to have added weight where, as here, the condition precedent allegedly stated is peculiarly within the control of one of the contracting parties.

In Tucker v. Dougherty Roofing Co., 137 S.W.2d 884 (Ct. of Tex.Civ.App. 1940) the Texas court had to construe the following clause: "Terms of payment: cash on completion, subject to approval of loan being negotiated at present time." One of the parties there claimed that the language was that of a condition precedent and since the loan was never obtained, no payment was due. The court said:

"We do not think the provision of the contract, upon which reliance is had for this assignment, was a condition precedent at all, but merely the statement of 'Terms of payment'; in other words, if the loan, being negotiated, was consummated, cash would be paid for the work on its completion. But, as the contract contained no other stipulation in regard to the time of payment, the law implied an obligation, on the part of the trustee, to pay within a reasonable time, * * *."

We find the *Tucker* case controlling since the language there seems to be even more conditional than that here. Because the language of the properly-integrated contract requires that Home Savings pay Tappan, we do not find it necessary to reach the question of the priority of the competing liens or the equitable considerations.

Affirmed.